ALEXANDER GRANT & COMPANY, APPELLANT, *v.* MCALISTER, SUPT., ET AL., APPELLEES.

(No. 86AP-146 — Decided December 11, 1986.)

*Paxton & Seasongood, Leonard S. Meranus, Gerald W. Simmons, Jack F. Fuchs* and *James W. Wiggin III; Parker, Chapin, Flattau & Klimpl, Alvin M. Stein* and *Lee W. Stremba,* for appellant.

*Porter, Wright, Morris & Arthur, James E. Pohlman* and *John C. Hartranft,* for appellees Robert B. McAlister and Home State Savings Bank.

*Anthony J. Celebrezze, Jr.,* attorney general, and *William J. McDonald,* for appellees Department of Commerce and state of Ohio.

McCORMAC, J. Home State Savings Bank was determined by the Superintendent of Building & Loan Associations of the state of Ohio to be in unsound or unsafe condition. Therefore, pursuant to R.C. Chapter 1157, he took possession of the business and property of Home State. Public notices were issued pursuant to R.C. 1157.04, requiring all parties with claims against Home State to file those claims with the superintendent. Alexander Grant & Company, plaintiff-appellant, filed a timely proof of claim with the superintendent for its claims against Home State which claims were formally rejected as contingent and speculative. Within ten days thereafter, Grant filed a complaint in the Ohio Court of Claims to contest rejection of its claims against Home State by the superintendent. (A similar complaint was filed in the Hamilton County Court of Common Pleas.)

The state moved to dismiss the complaint in the Court of Claims for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The Court of Claims dismissed the action on two bases: (1) that no controversy existed between the state and Grant over which the Court of Claims has jurisdiction; and (2) that Grant did not have a cause of action against the state.

Alexander Grant & Company has appealed, asserting the following assignments of error:

"1. The Court of Claims erred in dismissing Grant's complaint for failure to state a cause of action.

"2. The Court of Claims erred in dismissing the action for lack of jurisdiction.

"3. The Court of Claims erred in issuing an advisory opinion regarding the existence of a cause of action for damages to parties not in privity with the Ohio Division of Savings and Loan Associations, such as Grant, arising from breaches of duties by the Division."

R.C. 1157.07, as it existed prior to the adoption of the Court of Claims Act in 1975, provided that any party aggrieved by the rejection of a claim against a savings and loan association of which the superintendent had taken possession pursuant to R.C. Chapter 1157 may bring an action against the superintendent and such association within three months after such rejection. That action was to be taken in the appropriate common pleas court. See *Seekamp* v. *Warner* (1935), 53 Ohio App. 166, 22 Ohio Law Abs. 258, 7 O.O. 21, 4 N.E. 2d 406.

R.C. 2743.02(A)(1) provides that to the extent the state has previously consented to be sued the Court of Claims Act has no applicability.

Appellant argues that R.C. 1157.07 was amended on May 21, 1985 to create a new cause of action where the superintendent has determined the existence of an emergency which requires the expeditious liquidation of an insolvent savings and loan association. Upon declaration of that emergency, amended R.C. 1157.07 shortens the time for an action

to contest rejection of a claim from three months to ten days. While R.C. 1157.07 was amended in the time and manner stated, it did not create a new claim but merely added a shortened time within which to bring the same claim, *i.e.*, a complaint to contest rejection of the claim under the same circumstances. Hence, a complaint to contest rejection of a claim by the superintendent pursuant to R.C. 1157.07 is an action which was recognizable prior to the adoption of the Court of Claims Act concerning which jurisdiction exists exclusively in the common pleas court, regardless of whether the time for commencing the action is three months or ten days.

At oral argument, appellees stated that they do not intend to contest subject matter jurisdiction in the Hamilton County Court of Common Pleas.

Appellant's second assignment of error is overruled.

Appellant's first and third assignments of error are sustained. The Court of Claims had no subject matter jurisdiction as previously discussed. Furthermore, the complaint states a cause of action as the complaint to contest rejection of a claim is expressly authorized by R.C. 1157.07. Any discussion by the Court of Claims regarding issues other than the lack of subject matter jurisdiction for a complaint to contest rejection of a claim pursuant to R.C. 1157.07 was advisory only, and is not binding. Hence, the judgment of the Court of Claims is modified to a dismissal solely for lack of subject matter jurisdiction.

Appellant's second assignment of error is overruled, and appellant's first and third assignments of error are sustained. The judgment of the Ohio Court of Claims is affirmed as modified on the basis that the Court of Claims lacked subject matter jurisdiction to adjudicate a claim arising under R.C. 1157.07.

*Judgment affirmed*
*as modified.*

REILLY and QUILLIN, JJ., concur.

QUILLIN, J., of the Ninth Appellate District, sitting by assignment in the Tenth Appellate District.